## Page V. Lyon, Trustee, Appellant, v. Pony Moore et al. (Defendants), Joseph Marshall et al., Appellees.

### Gen. No. 20,902.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. John M. O'Connor, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Bill by Page V. Lyon, trustee of the estate of Pony Moore, bankrupt, complainant, against Pony Moore *et al.*, defendants, to reach the interest of defendant Pony Moore, in a certain lease. From a decree finding defendant Frank Marshall liable for one month's rent, complainant appeals. The principal facts in this case up to June 18, 1913, are to be found in *Lyon v. Moore*, 259 Ill. 23.

Pony Moore was adjudged a bankrupt on August 12, 1907, on his petition, and Page V. Lyon, appellant, was appointed trustee. Moore was the lessee of certain premises from Mrs. Fowler, and he sublet them for the entire remainder of the term from November 1, 1905, to Joseph Marshall, who afterwards assigned the sublease to Frank J. Marshall. Moore retained no reversion in himself, but while he was liable to Mrs. Fowler for only $100 a month, the rent reserved to him in the sublease was $150 a month, so that the lease was worth to him $50 a month for the remainder of the term. After a judgment for $18,000 had been rendered against Moore, he and a certain Blunk devised a fraud-

ulent scheme to defraud the creditor by putting that $50 a month beyond his reach, and to carry the scheme into effect Moore surrendered the original lease. Marshall, as assignee of Moore's lease, was liable to Mrs. Fowler for $100 a month as rent, and Moore had a contract right to the additional $50 a month rent which Marshall was to pay. The Supreme Court held that the record showed a liability to said appellant from the lessee under the sublease in question, from the time the bill was filed and process served on such lessee, but that the record did not contain facts from which such liability could be determined, and reversed the judgment of the Appellate Court and the decree of the Superior Court, and remanded the cause to the Superior Court, with directions to enter a decree requiring every person liable, as lessee, for the rent of the premises during the existence of the lease after service of process on Joseph Marshall and Frank Marshall to account for and pay to appellant, as trustee in bankruptcy for Pony Moore, $50 per month reserved to Moore by the agreement.

In pursuance to said remanding order and opinion of the Supreme Court, the case was redocketed in the Superior Court. Amended and supplemental answer was filed by Joseph and Frank Marshall, appellees, issues joined, evidence heard and decree entered by that court, finding Joseph Marshall was not indebted to the complainant, and that the defendant Frank Marshall was liable and should pay to the complainant the sum of $65, dismissing the bill as to the defendant Joseph Marshall for want of equity. The decree further found that appellant, in open court, renounced all claims and demands against any of the defendants to the bill of complaint herein, other than Joseph Marshall and Frank Marshall.

Defendant Joseph Marshall testified that he assigned the lease in question to defendant Frank Marshall November 9, 1906, and that subsequently he had not been

interested in or in occupation of such premises. A writing signed by Pony Moore was introduced discharging Joseph Marshall from all obligations under the lease. Defendant Frank Marshall testified that he had possession and paid rent for the premises from November 1, 1906, to March 1, 1908, and that he ceased to occupy such premises March 18, 1908. A transcript of a judgment of the Municipal Court of Chicago entered in an action brought to dispossess Pony Moore and Frank Marshall of the premises was admitted in evidence. Walter H. McDonald, agent for Mrs. Fowler, the owner of the premises, testified to taking steps to dispossess Moore and Marshall after default by them in payment of rent, and that after such dispossession the landlord rented the premises to one Leight. He also testified that Marshall paid $150 a month to him as such agent, of which witness paid $100 to Mrs. Fowler and the balance to Moore.

At the hearing complainant renounced all claims against all defendants except Frank and Joseph Marshall, and the court dismissed the bill for want of equity as to defendant Joseph Marshall.

A. D. Gash, for appellant.

E. H. Morris and Silber, Isaacs, Silber & Woley, for appellees Joseph and Frank Marshall.

Mr. Justice McGoorty delivered the opinion of the court.

## Abstract of the Decision.

1. Appeal and error, § 1831*—*when additional evidence may be heard upon remanding cause.* In a bill by a trustee in bankruptcy to reach the interest of the bankrupt under a certain lease, where on review the Supreme Court without making a decision on the merits reversed the decree of the trial court and remanded the cause with direction to enter a decree requiring every person liable to the bankrupt for rent under such lease to pay to complainant as such

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trustee the amounts for which such person was liable, but also holding that the record did not contain evidence sufficient to enable the reviewing court to determine who the persons so liable were, it was proper for the trial court to permit the action to be redocketed, to allow amendments and to hear further evidence.

2. APPEAL AND ERROR, § 1831*—*when evidence not incompetent as relating to matters res adjudicata.* In a bill by a trustee in bankruptcy to reach the interest of the bankrupt under a certain lease, where the Supreme Court reversed the decree of the trial court and remanded the cause with a mandate which made it necessary that the trial court determine what persons were liable to the bankrupt under such lease, and the amounts for which such persons were liable, in a further hearing held to determine such questions, *held,* proper to admit evidence of persons holding such lease by assignment from the bankrupt and a transcript of a judgment entered by the Municipal Court of Chicago in action wherein the bankrupt and those claiming under him were dispossessed, such transcript being explained by the testimony of lessor's agent as to the manner in which such lease was terminated, all of such evidence being competent as tending to show that such lease had been terminated, and such evidence is not incompetent by reason of its having relation to matters *res adjudicata,* nor were defendants precluded from introducing such evidence by the fact that it was equally available to them at the time of the first hearing and not then introduced.

3. BANKRUPTCY, § 38*—*when pleadings in another case admissible in action by trustee.* In a bill by a trustee in bankruptcy to reach the interest of a bankrupt under a certain lease, where on review the Supreme Court reversed the decree of the trial court with mandate requiring the trial court to ascertain what persons were liable to the bankrupt under such lease, and where one of the ultimate facts to be determined was the termination of the lease in question and the subletting thereafter by the owner to others, the pleadings in a cause involving the same leasehold *held* competent, although complainant was not a party to such action, as being one element in that chain of account tending to prove such ultimate fact.

4. BANKRUPTCY, § 38*—*when evidence of tender of rent properly excluded in action by trustee.* In a bill by a trustee in bankruptcy to reach the interest of the bankrupt in a certain lease, where on remand after reversal by the Supreme Court one of the issues was whether the lease in question was terminated, evidence that after the termination of such lease a tender of rent was made to lessor by a person not a party to the action, *held* properly excluded as immaterial.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Doster et al. v. Mich. Cent. R. Co., 196 Ill. App. 49.

5. BANKRUPTCY, § 38*—*when evidence sufficient to sustain decree in action by trustee.* In a bill by a trustee in bankruptcy to reach the rights of the bankrupt under a certain lease, where on review the Supreme Court reversed the decree of the trial court with mandate making it necessary for the trial court to ascertain what persons were liable to the bankrupt under such lease, and the amounts for which such persons were liable, a decree finding a particular defendant liable to the bankrupt under such lease *held* proper under the evidence, complainant having renounced all claims against all defendants except two, and the court having dismissed the bill for want of equity as to the other defendant, against whom complainant had not renounced his claims.